IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CASTRO,                               No. CIV S-08-2390-CMK-P

       Petitioner,

   vs.                                              ORDER

M. MARTEL,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 9).  Petitioner has filed an opposition (Doc. 13).  In the motion to dismiss, respondent argues that federal review of petitioner's claim is barred because he defaulted in state court by not exhausting administrative remedies as required by In re Dexter, 25 Cal.3d 921 (1979).

       Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment.  See Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989).  Generally, the only state law

1

grounds meeting these requirements are state procedural rules.  Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate:  (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice.  See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

Through his federal habeas corpus petition, petitioner challenges two adverse prison disciplinary findings.  The California Supreme Court ultimately denied the claim, citing to Dexter.  Respondents argue that, by failing to exhaust available administrative remedies, petitioner defaulted on the claim and, as a result, this court cannot review the claim.  Respondent does not state in the motion which administrative procedures petitioner failed to exhaust, he simply argues that in light of the California Supreme Court's citation to Dexter, he must not have exhausted all of his administrative remedies.  The court presumes that respondent contends that petitioner failed to present his claim at all three levels of administrative review provided under California regulations to inmates with grievances.

In opposition, petitioner argues that he did exhaust his administrative remedies, and he does not understand why the California Supreme Court cited Dexter in its denial of his petition.  Specifically, petitioner argues that because his disciplinary proceedings were classified as administrative, his administrative remedies only extended to the second level appeal, which he completed.  In addition, petitioner claims he attempted to appeal to the directors' level, but was not allowed to do so as he had exhausted his available remedies by filing at the second level.

A review of petitioner's petition shows that he received a denial of his administrative appeals at the second level for both of his prison disciplinary proceedings.  The first, log number 07-00194, was denied at the second level on March 6, 2007 (Petition, Ex. M).  That denial specifically stated that petitioner may appeal to the director's level of review if desired.  However, on June 12, 2007, petitioner's appeal was returned to him, stating that the second level review is considered the final action for that type of violation (Petition, Ex. O).

1  Similarly, petitioner's second appeal, log number 07-0032, was denied at the second level on
2  February 15, 2007 (Petition, Ex. F).  That denial specifically states that "[t]his response
3  constitutes final action of this appeal per 3084.7(b)(1)."  (Id.)  Thus, it appears that petitioner did
4  exhaust all administrative remedies available to him.[1]

5        Because petitioner did not default his claims in state court, this court is not barred
6  from reviewing his claims in the context of the instant federal petition.  Respondents' motion to
7  dismiss should be denied.

8        Based on the foregoing, the undersigned recommends that:
9        1.    Respondent's motion to dismiss (Doc. 9) be denied; and
10       2.    Respondent be directed to file an answer on the merits.

11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Failure to file objections within the specified time may waive
16 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: November 17, 2009

20                _____
                             CRAIG M. KELLISON
                             UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that the California Supreme Court was incorrect in concluding in its October 1, 2008, decision that petitioner had not exhausted all available administrative remedies. It appears that the lower state courts addressed the merits of petitioner's petitions.  (See Petition, Exs. T, U).