IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTRO, | No. CIV S-08-2390-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. MARTEL, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss (Doc. 22). Petitioner has filed an opposition (Doc. 23), and Respondent filed a reply (Doc. 24). In the motion to dismiss, respondent argues that the petition should be dismissed because the petition challenges two disciplinary proceedings which do not affect the duration of Petitioner's confinement.

In his federal habeas corpus petition, petitioner challenges two adverse prison disciplinary findings, both of which occurred in 2006. Respondent argues that because he did not suffer any loss of credit as a result of the disciplinary actions, there is no federal habeas jurisdiction.

In response, Petitioner argues the disciplinary proceedings could directly affect the duration of his confinement given his sentence as life with the possibility of parole. He claims that he will be required to appear before the Board of Prison Terms (BPT), and one of the grounds used in deciding suitability for parole is whether an inmate has engaged in serious misconduct while in prison. As the prison disciplinary proceedings could be taken into account in determining his suitability for parole, he could be denied a parole date thus lengthening the duration of his confinement.

Respondent replies that Petitioner's claims that the disciplinary proceedings may affect the parole determination are too speculative to confer jurisdiction over his claims.

The issue Respondent raises is not as straightforward as is argued. Respondent is correct that generally speaking, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement. When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

However, Respondent ignores the line of cases which seem to recognize habeas corpus jurisdiction where Petitioner is likely to suffer collateral consequences from the challenged disciplinary action. See Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004). The Ninth Circuit has recognized that habeas corpus jurisdiction does exist "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic, 884 F.2d at 1269. "[W]e understand Bostic's use of the term 'likely' to identify claims

2

with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court." Docken, 393 F.3d at 1031.

Respondent argues that Petitioner's claims of collateral consequences are too speculative to confer jurisdiction over his claims. However, reviewing the parole determination transcript and opinion,[1] it clearly indicates the BPT clearly found the prison disciplinary actions problematic. While the BPT provided several reasons for denying Petitioner parole in 2008, one of the main reasons appears to be the 2006 prison disciplinary proceedings. The transcript shows significant discussion regarding the 2006 disciplinary actions. The commissioners indicated that prior to the 2006 actions, Petitioner had not had a CDC 115 (rules violations report) since 1996, and had no CDC 128A (counseling chrono) since 2002. (See Doc. 27, at 56-68 of 166). In the opinion, the presiding commissioner stated "We focused on the 128 and the 115 that we had in '06. They were of concern, but there was a long period of time when you did really well." (Doc. 27, at 160 of 166). The undersigned cannot, therefore, find that Petitioner's claims are too speculative. Expungement of his conviction for the rules violation, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 22) be DENIED; and

2. Respondent be directed to file an answer on the merits within 30 days.

These findings and recommendations are submitted to the United States District

---

[1] Petitioner has requested this court take judicial notice of the BPT hearing transcript, from the August 27, 2008, hearing. He filed the transcript with the court on March 30, 2010 (Doc. 27). Respondent has not filed any objection to the request. Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Here, Respondent has not objected to the court taking judicial notice of the BPT transcript, which is "capable of accurate and ready determination" as to its accuracy. Fed. R. Evid. 201(b). Accordingly, the undersigned finds it appropriate to take judicial notice of the transcript.

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE