IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CASTRO,

    Petitioner,                 No. CIV S-08-2390-MCE-TJB

    vs.

M. MARTEL,

    Respondent.               <u>ORDER</u>

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 23, 2010, the Magistrate Judge filed an order, findings and recommendations, which was served on all parties, and it contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. On December 10, 2010, Petitioner filed a motion for an extension of time to file objections to the findings and recommendations. On December 14, 2010, the Magistrate Judge granted Petitioner's motion for an extension of time, and Petitioner was to file objections to the findings and recommendations by January 13, 2011. Petitioner failed to file anything until January 24, 2011, when Petitioner filed, *inter alia*, (1) a motion to appoint counsel, Pet'r's Mot. To Appoint Counsel, ECF No. 39; and (2) a motion to proceed in forma pauperis, Pet'r's Mot. To Proceed In Forma Pauperis, ECF No. 40.

1. First, Petitioner requests appointment of counsel in further litigation of this action. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court, however, may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the district court's discretion. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment of counsel is not warranted in this case, as this is not an exceptional case warranting representation on federal habeas review. Petitioner's January 24, 2011, request for appointment of counsel is denied.

Second, because the motion to proceed in forma pauperis has already been granted, *see* Order, Oct. 29, 2010, ECF No. 5, Petitioner's January 24, 2011, motion to proceed in forma pauperis is denied as moot.

IT IS HEREBY ORDERED that:

1. Petitioner's January 24, 2011, request for appointment of counsel is DENIED; and

2. Petitioner's January 24, 2011, application to proceed in forma pauperis is DENIED as moot.

DATED: January 26, 2010.

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE

2