IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CASTRO,

    Petitioner,                                     No. CIV S-08-2390-MCE-TJB

    vs.

M. MARTEL,

    Respondent.                                 <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As recounted in the February 11, 2011, order, on November 23, 2010, an order, findings and recommendations was filed, which was served on all parties, and it contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. On December 10, 2010, Petitioner filed a motion for an extension of time to file objections to the findings and recommendations. On December 14, 2010, Petitioner's motion for an extension of time was granted, and Petitioner was to file objections to the findings and recommendations by January 13, 2011.

       Petitioner failed to file anything until January 24, 2011, when Petitioner filed: (1) what he deemed a motion to convert his habeas petition to a civil rights complaint, and a request to withdraw his extension of time, *see* Pet'r's Mot. To Convert, ECF No. 38; (2) a motion to

1

1 appoint counsel; and (3) a motion to proceed in forma pauperis.  On January 26, 2011,
2 Petitioner's request to appoint counsel was denied, and Petitioner's request to proceed in forma
3 pauperis was denied as moot.  On February 11, 2011, Petitioner's motion to convert and his
4 request to withdraw were construed as objections to the findings and recommendations, since the
5 findings and recommendations already recommended that the United States District Court should
6 not exercise its discretion in converting the habeas petition into a civil rights complaint.  *See*
7 Order, Findings, and Recommendations, at 17-19, ECF No. 35.  The findings and
8 recommendations were adopted in full; the motion to convert and request to withdraw were
9 terminated; habeas relief was denied; and Petitioner's claims regarding (1) "[a] refusal to
10 recognize [Petitioner's] ADA status," Pet'r's Pet. 24, ECF No. 1, (2) "denial of assistance to one
11 with [a] disability[,] and no access to a particular are[a] of the prison necessary for his defense,"
12 *id.*, and (3) discriminatory retaliation, were dismissed without prejudice.

13      On February 11, 2011, Petitioner filed what he called a motion for expansion of record.
14 In the instant motion, Petitioner:  (1) "object[s] to this Court's failure . . . to convert Petitioner's
15 § 2254 habeas petition into a § 1983 civil rights action;" and (2) requests an "accept[ance of] in
16 forma pauperis for PLRA requirements."  Pet'r's Mot. For Expansion of R. 2, ECF No. 44.
17 Petitioner's motion for expansion of record is construed as objections to the findings and
18 recommendations, which are moot because the findings and recommendations were adopted in
19 full.  Petitioner's request to proceed in forma pauperis is also moot, for the same reasons stated in
20 the January 26, 2011, order.  *See* Order, Jan. 26, 2011, ECF No. 41.

21      IT IS HEREBY ORDERED that:
22      1. Petitioner's February 11, 2011, motion for expansion of record is construed as
23 objections to the findings and recommendations, which are moot, and the Clerk is directed to
24 TERMINATE the motion; and
25 ///
26 ///

2. Petitioner's February 11, 2011, application to proceed in forma pauperis is DENIED as moot.

DATED:     February 14, 2011.

_____
TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE

3